UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Northbridge General Insurance Corporation,<br><br>                Plaintiff,<br>     v.<br><br>Phase II Transportation Inc et al,<br><br>                Defendant. | CASE NO. 3:24-cv-05033-DGE<br><br>ORDER ON MOTION TO DISMISS (DKT. NO. 46) |

On September 18, 2024, Defendant CMA CMG SA filed a motion to dismiss. (Dkt. No. 46.) Yet instead of briefing the legal standard provided by Rule 12(b), Defendant discussed the summary judgement standard outlined in Rule 56. (*Id*. at 5–6.) *See* Fed. R. Civ. P. 56(c) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Defendant also appended information from outside the pleadings to its motion. (*See* Dkt. No. 47-1–47-4.) As Plaintiff points out, Rule 12(d) establishes that "under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion

ORDER ON MOTION TO DISMISS (DKT. NO. 46) - 1

1   must be treated as one for summary judgment under Rule 56." (Dkt. No. 51 at 4) (citing Fed. R.

2   Civ. P. 12(d)). Accordingly, the Court must treat Defendant's motion to dismiss as a motion for

3   summary judgment. However, as Plaintiff further notes, the Parties were in the middle of

4   discovery when this motion was filed, rendering it premature if construed as a summary

5   judgment motion. (*See id.*)

6         In reply, Defendant refers to its motion as a "motion to dismiss/motion for summary

7   judgment" and asks that the Court treat the motion as a motion for summary judgment. (Dkt.

8   No. 53 at 1–2.)[1] The Court declines to do so, as discovery is not yet complete, and all Parties

9   must be given the opportunity to present the relevant facts at the summary judgment stage.

10  Otherwise, the Court is not equipped to determine whether there is a genuine issue of material

11  fact. As Plaintiff described, at the time it filed its response, "CMA's corporate representative

12  and fact witnesses [had] not been deposed yet" and "discovery [was] still ongoing." (Dkt. No.

13  51 at 5.)

14        Accordingly, Defendant's motion to dismiss (Dkt. No. 46) is DENIED. Should

15  Defendant wish to raise these arguments again, it may do so in a properly filed motion for

16  summary judgement by the applicable deadline.

18        Dated this 23rd day of October, 2024.



David G. Estudillo
United States District Judge

---

[1] While motions to dismiss and motions for summary judgement may serve similar purposes, they fall under different Rules and different bodies of law. The Court expects greater diligence from counsel in briefing its motions with citation to the correct legal standard and authority.