UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Northbridge General Insurance Corporation,<br><br>                    Plaintiff,<br>     v.<br><br>Phase II Transportation Inc et al,<br><br>                    Defendant. | CASE NO. 3:24-cv-05033-DGE<br><br>ORDER ON MOTION TO DISMISS CROSSCLAIM AND FILE NEW CROSSCLAIM (DKT. NO. 49) |

This matter comes before the Court on Defendant Rehoboth Transport, LCC's ("Rehoboth") motion to voluntarily dismiss crossclaim against former Defendant CMA CGM (America) and for leave to file a new crossclaim against Defendant CMA CGM, S.A.  (Dkt. No. 49.)

In the initial complaint, filed on December 4, 2023, Plaintiff Alex Ingredients, Inc. sued CMA CGM (America).  (Dkt. No. 1-2 at 2–3, 8.)  In January 2024, counsel for CMA CGM (America) represented to Plaintiff that CMA CGM (America) had "absolutely nothing to do with" the allegations in the complaint.  (Dkt. No. 38-1 at 24.)  Instead, counsel stated that CMA

1  CGM S.A., a corporation based in Marseille, France, was the party "to whom your allegations

2  seem to be directed," and agreed to accept service for CMA CGM S.A. if it were substituted for

3  CMA CGM (America).  (Dkt. Nos. 38-1 at 24, 39 at 2.)  The parties agreed to a stipulation and

4  order allowing Plaintiff to file a Second Amended Complaint, dismissing CMA CGM (America)

5  as a defendant, and adding CMA CGM SA in its place, which the Court granted.  (*See* Dkt. Nos.

6  17, 18.)

7        Considering the changed circumstances, Rehoboth seeks to "withdraw a now-superfluous

8  crossclaim," which was made against CMA CGM (America), and to "restate its contribution or

9  indemnity crossclaim against the proper CMA CGM defendant."  (Dkt. No. 49 at 1–2.)

10  Rehoboth represents that "the proposed new crossclaim is identical to the original one except for

11  the named crossclaim defendant."  (*Id*. at 2.)  Under Rule 41, a claimant may voluntarily dismiss

12  a crossclaim "at the plaintiff's request only by court order, on terms that the court considers

13  proper."  Fed. R. Civ. P. 41(a)(2)–41(c).  Pursuant to Rule 15, a party may amend its pleading

14  with the court's leave, which the court "should freely give when justice so requires."  Fed. R.

15  Civ. P. 15(a)(2).  The Court finds that Rehoboth meets both standards.  The Court agrees that the

16  current claim is superfluous, as it is against a defendant who is no longer a party to this action,

17  and that it may be re-entered against the proper Defendant.

18        Accordingly, Rehoboth's motion (Dkt. No. 49) is GRANTED.  Rehoboth's pending

19  crossclaim against former defendant CMA CGM (AMERICA) is DISMISSED without

20  prejudice, and Rehoboth is granted leave to file the amended crossclaim against CMA GGM,

21  S.A.

22        Dated this 31st day of October, 2024.

23

24

1
2
3   David G. Estudillo
    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ON MOTION TO DISMISS CROSSCLAIM AND FILE NEW CROSSCLAIM (DKT. NO. 49) - 3