|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| Northbridge General Insurance Corporation,<br><br>  Plaintiff,<br>  v.<br><br>Phase II Transportation Inc et al,<br><br>  Defendant. | CASE NO. 3:24-cv-05033-DGE<br><br>ORDER ON UNOPPOSED MOTION TO FILE UNDER SEAL (DKT. NO. 82) |

This motion comes before the Court on Plaintiff's unopposed motion to file under seal pursuant to Local Civil Rule 5(g).  (Dkt. No. 82.)  Plaintiff seeks to file two exhibits[1] under seal: Exhibit 10 to the declaration of Chuqiao Wang in support of Plaintiff's motion for summary judgment (Dkt. No. 65) and Exhibit 10 to the declaration of Chuqiao Wang in support of Plaintiff's opposition to Defendant CMA CGM SA's (CMA) motion for summary judgment (Dkt. No. 80).  Plaintiff represents that it entered into a confidentiality agreement with CMA for

---

[1] The motion states Plaintiff seeks to file "two declarations of Plaintiff's counsel" under seal, but then references to two exhibits.  (Dkt. No. 82 at 1.)

ORDER ON UNOPPOSED MOTION TO FILE UNDER SEAL (DKT. NO. 82) - 1

1  the production of the two documents in question, which contain financial and business

2  transaction information with potential trade secrets. (*Id.* at 2–3.)

3      "Historically, courts have recognized a general right to inspect and copy public records

4  and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of*

5  *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access

6  to judicial records is not absolute," there is a "strong presumption in favor of access." *Id.* "The

7  presumption of access is based on the need for federal courts, although independent—indeed,

8  particularly because they are independent—to have a measure of accountability and for the

9  public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler*

10  *Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a

11  party seeking to seal a judicial record then bears the burden of overcoming this strong

12  presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mut.*

13  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003). Under the compelling reasons standard, "a

14  court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis

15  for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety*, 809 F.3d at

16  1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best

17  left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner*

18  *Commnc'ns, Inc*., 435 U.S. 589, 599 (1978)).

19      Plaintiff asserts that the two exhibits in question—lease agreements between CMA and

20  Container Applications Limited—meet the "compelling reasons standard" because they contain

21  confidential financial and potential trade secret information. (Dkt. No. 82 at 3.) The Ninth

22  Circuit has recognized that "'compelling reasons' . . . exist when [] 'court files might have

23  become a vehicle for improper purposes,' such as the use of records to gratify private spite,

24

promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Courts in this circuit have found compelling reasons for sealing documents that contain similar business and financial agreements. *See, e.g., In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing"); *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-CV-06440-BLF, 2024 WL 4894852, *2 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal a document that contained "confidential business information regarding Defendants' license agreements"). In this instance, Plaintiff has established compelling reasons to seal the lease agreements, which contain business transaction information with potential trade secrets. *See Apple,* 2019 WL 1767158, at *2. Moreover, Plaintiff's request to seal is narrowly tailored. *See* LCR 5(g)(3)(A). Finally, the Parties have confirmed that they met and conferred in accordance with the Local Rules. *See id*.

Accordingly, Plaintiff's unopposed motion to file under seal (Dkt. No. 82) is GRANTED. Plaintiff may file under seal Exhibit 10 to the declaration of Chuqiao Wang in support of Plaintiff's motion for summary judgment (Dkt. No. 65) and Exhibit 10 to the declaration of Chuqiao Wang in support of Plaintiff's opposition to CMA's motion for summary judgment (Dkt. No. 80).

Dated this 20th day of December, 2024.

1
2
3   David G. Estudillo
    United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

ORDER ON UNOPPOSED MOTION TO FILE UNDER SEAL (DKT. NO. 82) - 4